UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IRA V. SMITH )
)
v. ) No. 1:10-cr-96/1:13-cv-193
) *Judge Mattice*
UNITED STATES OF AMERICA )

## MEMORANDUM

Ira V. Smith ("Smith") has filed a tardy motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Criminal Doc. 34).[1] Smith seeks review of his January 4, 2011, convictions for one count of being a felon in possession of a firearm in violation of 18 U. S. C. §§ 822(g)(1) and 924(a)(2), and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) [Enhanced] (Criminal Doc. 28—Judgment). Smith pleaded guilty and was sentenced to 252 months in prison (Criminal Docs. 18−Minute Entry of Plea Hearing; 28−Judgment).

Pursuant to 28 U.S.C. § 2255(f), there is a one-year statute of limitation for prisoners to file a federal post-conviction petition. The limitation period generally runs from the date on which the judgment of conviction becomes final. Smith did not seek direct review, thus his judgment became final fourteen days after judgment was entered, i.e., January 18, 2011. *See* Fed. R. App. P. 4(b)(1)(A). Therefore, Smith was required to file any § 2255 motion on or before January 18, 2012.

Smith's § 2255 motion is time-barred as it was filed on June 6, 2013. Under the "Prison mailroom filing" rule of *Houston v. Lack,* 487 U.S. 266, 270-72 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. It

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

does not appear that Smith's § 2255 motion was sent through the prison mailroom, however, because he does not indicate he gave it to the prison mailroom for filing and the envelope in which it was mailed does not bear a stamp showing the date it was received by the prison mailroom. Although there is no prison mailroom stamp reflecting Smith gave the pleading to prison mailroom authorities, the Court generously treats the motion as having been filed on June 6, 2013, the date Smith signed the pleadings, which is almost a year and a half after the expiration of the one year statute of limitation a § 2255 motion (Criminal Doc. 34).

The Court afforded Smith the opportunity to demonstrate his § 2255 motion was timely. The Court's October 4, 2013, Memorandum and Order notified Smith he had until Monday, November 4, 2013, to show why his § 2255 motion should not be dismissed as time-barred (Criminal Doc. 36). Smith has not filed any response to the Court's Order.[2]

Accordingly, because Smith has failed to carry his burden of demonstrating his § 2255 motion was timely filed, his motion will be **DENIED** as time-barred (Criminal Court File No. 34).

---

[2] Although that the one year statute of limitation for filing a § 2255 motion may be equitably tolled upon a showing that a movant "has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing[,]" *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), Smith has not made that argument and there is nothing before the Court indicating Smith is entitled to equitable tolling.

2

SO ORDERED.

ENTER:

                                       */s/ Harry S. Mattice, Jr.*
                                       HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE

3

Case 1:10-cr-00096-HSM-SKL   Document 37   Filed 02/11/14   Page 3 of 3   PageID #: 96